IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                                                          Civ. No. 06-1213 WJ/RLP
                                                                                                                     Cr. No.  06-1388 WJ

ALVARO CHAVEZ-MARTINEZ,

    Defendant/Movant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.      This is a proceeding brought pursuant to 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside, or Correct a Sentence.  On June 29, 2006, pursuant to a Plea Agreement [Cr. Doc. 13], Defendant pled guilty to Reentry of a Deported Alien Previously Convicted of an Aggravated Felony, 8 U.S.C. §§ 1326(a)(1) - (2) and § 1326(b)(2).  He was sentenced to 30 months' imprisonment.

    2.      Defendant alleges he received ineffective assistance of counsel.  To prevail on that claim, Defendant must show both that counsel's performance was deficient and that but for that deficient performance, the results of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 686, 694 (1984).  In the context of a plea agreement, Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*,

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

474 U.S. 52, 59 (1985).

3. In his Motion, Defendant alleges only that his attorney didn't try to help him with his case, that counsel didn't do his job, and that Defendant received [sentencing] points for a prior conviction that was 10 years old. I agree with the Government that these conclusory and unsubstantiated allegations do not comport with either *Strickland* or *Hill*.

4. As noted in the Presentence Report, if Defendant had proceeded to trial and been convicted, the Sentencing Guideline imprisonment range would have been 51 to 63 months. Presentence Report, ¶ 73. Even though not mandatory, that range is almost twice what Defendant received, 30 months. Defendant has made no showing, and the record does not support an inference, that counsel was ineffective or that Defendant should have proceeded to trial.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Set Aside, Vacate or Correct Sentence [Doc. 1] be denied and this case dismissed with prejudice. The Government's Response was incorrectly docketed as a Motion to Dismiss [Doc. 3]. This recommendation dispenses with both docket entries.

Richard L. Puglisi
United States Magistrate Judge